IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| M&S GRADING, INC., | ) | |
| | ) | CASE NO. BK02-81632 |
| Debtor(s). | ) | A04-8102 |
| CIT GROUP/EQUIPMENT FINANCING, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| M&S GRADING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the defendant's motion for summary judgment (Fil. #20) and resistance by the plaintiff (Fil. #23). T. Randall Wright represents the debtor, and Michael Whaley represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

The motion will be denied.

This lawsuit was brought to determine ownership rights in certain equipment purchased by the debtor. The equipment had been leased by The CIT Group/Equipment Financing, Inc., to the seller, but the debtor was unaware of that when it purchased the items. CIT seeks the return of the equipment.

In March 1999, CIT leased to Fehrs Nebraska Tractor & Equipment Co. in Omaha what apparently is a 1999 model year "lowboy" trailer with a flip axle attachment for transporting construction equipment. The lease was for 60 months, with monthly payments of $839.12. Fehrs made 26 payments, defaulting on the lease agreement in May 2001. A Nebraska certificate of title was issued for the trailer in April 1999. CIT is listed as the owner and it possesses the title certificate. CIT also filed a U.C.C. financing statement with the Nebraska Secretary of State.

M&S purchased the trailer from Fehrs in September 2000, and made payments pursuant to the promissory note prior to filing its bankruptcy petition. It is undisputed that M&S had no knowledge at the time of the lease between Fehrs and CIT. CIT did not learn of

the sale until late 2003, and evidently did not receive any money from the Fehrs-M&S transaction. Fehrs has subsequently gone out of business, and may have been about to close when M&S purchased the items at issue here.

M&S now moves for summary judgment on the grounds that it purchased the trailer in the ordinary course of business from an equipment dealer and as a result took title free and clear of CIT's interest. M&S suggests the lease was in reality an installment purchase contract, but there is no evidence in the record currently before the court to support such an assertion. The lease does not contain a purchase option for the lessee.

If the lease is a true lease, then the sale of the equipment by the lessee is covered under Nebraska U.C.C. § 2A-305. According to § 2A-305(1), a buyer obtains only the lessee's interest in the goods. However, the buyer takes free of the lease contract and obtains both the lessee's and lessor's rights in the property if he purchases the property in the ordinary course of business from a merchant dealing in goods of that kind to whom the goods were entrusted by the lessor. § 2A-305(2). "Entrusting" is a term of art and includes "any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." § 2-403(3). There is no evidence currently before the court regarding an entrustment.

CIT asserts that M&S is not a buyer in the ordinary course of business because it did not purchase the equipment in good faith. See Neb. U.C.C. § 1-201(9). That is a fact question, Dugdale of Nebraska, Inc. v. First State Bank, 227 Neb. 729, 733-34, 420 N.W.2d 273, 276 (1988) (to be a "buyer in the ordinary course of business" requires good faith and no knowledge that sale violates third-party's rights), or at least a mixed question of law and fact, Lundy v. First Nat'l Bank of El Campo (In re Dota), 288 B.R. 448, 461 (S.D. Tex. 2003). Generally, "good faith" is primarily a factual determination. Meeks v. Red River Entm't of Shreveport (In re Armstrong), 285 F.3d 1092, 1096 (8th Cir. 2002).

In addition, there remains an issue regarding the certificate of title. Nebraska motor vehicle statutes state that no one acquiring a motor vehicle, commercial trailer, semitrailer, or cabin trailer acquires any right, title, claim or interest in the vehicle or trailer until he or she has obtained the certificate of title in addition to physical possession of the vehicle. Neb. Rev. Stat. § 60-105(1). In this case, CIT has the title while M&S has

physical possession of the trailer, so there is clearly a question of what, if any, rights M&S has in the property.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056). Because material fact issues exist in this case, M&S Grading's motion for summary judgment must be denied.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. #20) is denied.

DATED:   September 8, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *T. Randall Wright
    Michael Whaley
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.